THE STATE, THE INHABITANTS OF THE TOWNSHIP OF EAST BRUNSWICK, PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK.

A township, the valuation of whose property has been raised by the state board of taxation, cannot prosecute a writ of *certiorari* to set aside the action of the board, on the ground that the board has not made a proper resulting abatement in the tax of other townships, but has improperly allowed the entire abatement to one taxing district.

---

On *certiorari*.

A petition was presented by the city of New Brunswick to the state board of taxation.

It set out that the taxable property in that city had been assessed at its true value for the year 1893 ; that the taxable property in the townships of Woodbridge, of Madison and of East Brunswick had, for the same year, been assessed at less than its true value ; that thereby the city was compelled to pay more than its proportion of county and state school tax.

A hearing was had before the board at which the four municipalities appeared by counsel.

The board found that the property in East Brunswick had been assessed at eighty per cent. of its true value, and that the property in the other municipalities had been assessed at its true value.

It was ordered that an amount equal to twenty per cent. of the assessment for county and state school tax be added to the value of the property in East Brunswick.

This amount was ordered to be deducted from the amount which the city of New Brunswick would have been compelled to raise as its proportion under the unrevised assessment.

The orders thus made are brought up for review by the present writ.

Argued at February Term, 1894, before Justices DEPUE and REED.

For the prosecutor, *Alan H. Strong.*

For the city of New Brunswick, *Robert Adrain.*

The opinion of the court was delivered by

REED, J.   The substantial reasons urged against the validity of these orders are—*first*, that the board should, in reaching its conclusion, have compared the duplicates and the valuations in every taxing district in the county ; *second*, that the order gives to the city of New Brunswick the entire benefit of the increase in valuation of property in East Brunswick, while it should have been distributed among all the taxing districts in the county.

In respect to the first point, viewed as an abstract question, it would, I think, have been proper to have summoned all the municipalities in the county.

The adjustment of proportions involves all those taxing districts which may be affected by it, and a consideration of each duplicate is essential as a foundation for fixing the share of any.

If a request had been made by any of the parties to the board that this course should be taken, or an objection had been interposed against proceeding until all were before the board, I have no doubt this course would have been taken. In the absence of any such objection, we have the right to assume—as the board had—that the assessments in the other townships were made according to law, and the property therein was rated at its true value.

In respect to the second point, the order was erroneous.

Assuming that all the townships other than East Brunswick stood in the same attitude as the city of New Brunswick, and that the property was assessed at its true value, each was entitled to an abatement on account of the increase imposed upon East Brunswick. The abatement should have been made proportionally among them all, along with the city.

If one of these townships was prosecuting this writ, it would be difficult to see how the order could be sustained.

But the prosecutor is the township of East Brunswick, and, in this, that township has no concern whatever.

Whether the city or the townships receive the benefit of the twenty per cent. increase of the valuation of the property of the prosecutor, it does not affect the prosecutor in the least. In either event its tax is the same.

The writ is dismissed.